DECISION
The issue to be decided is who is responsible for the failure of various persons to pay in full for merchandise received from Peter Silveira, which merchandise was owned by Francisco Barbosa, President of plaintiff corporation.
After a two day trial, the jury returned a verdict in favor of the plaintiff for the amount sought: $10,552.75. The Clerk entered judgment for said amount plus interest of $3,476.33 and from said judgment the defendants (now husband and wife) have moved for a new trial. Specifically, the defendants state "that the jury's verdict and decision is against the evidence and weight thereof, is not such that reasonable minds might have differed; the judgment fails to respond truly to the merits and to administer substantial justice between the parties and is against a fair preponderance of the evidence. The defendants also state there was no competent evidence upon which to sustain the jury's verdict and for which reason a new trial should be granted." The plaintff objects to the Motion for New Trial.
In ruling on a motion for new trial, the trial justice acts as a seventh juror and exercises his independent judgment and reviews the evidence in light of his charge to the jury, passing on the weight of the evidence and the credibility of the witnesses. If he concludes that the evidence is so evenly balanced that reasonable minds could differ, he must approve the verdict even though he may have doubts about its correctness. If, however, he concludes that the jury's verdict is against the fair preponderance of the evidence, or any of the other claims made by defendants, he must grant the motion for a new new trial.
With that standard in mind, I find that a new trial is not warranted. Specifically, consistent with the defendants' request, I charged the jury of what is required in a principal/factor relationship and the duty of a factor to exercise ordinary care and diligence in his employment with regard to the handling and protection of the property entrusted to his care. Further, the factor, "in the absence of any instructions to the contrary", has authority to sell on credit according to the general custom in the marketplace where these goods were sold. In addition, at the request of the plaintiff, I instructed the jury on the elements that had to be proven by the plaintiff to recover on an "Account Stated" claim; specifically, that in order to recover under this theory the plaintiff was required to prove that "there was an agreement that the balance and all items of the account in question were correct with a promise, express or implied, that the plaintiff should receive and defendant would pay such balance". Further, that "in order for the plaintiff to prove the existence of an Account Stated, the plaintiff need not show that the accounts were examined and approved by the defendant, but need only show circumstances showing a promise, express or implied, that the defendant agreed to the balance stated." Citing Greene v. Harris, 11 R.I. 5 (1874).
Mr. Barbosa testified that he gave to the defendants, at separate times, jewelry to sell. The defendants would receive 25% of the monies received and not be required to put any money up front for the merchandise. He testified that on February 23, 1993, he showed a balance to the defendant Silveira of $27,651.22; that Silveira and Mendes, the co-defendant, "never questioned the balance" and, indeed, made payments to the extent of reducing the $27,651.22 balance to $10,552.75, which was the amount sought in the lawsuit. He further testified that his oral agreement with the defendants was to either sell the jewelry or they would bring it back and that they should not give credit over $2,000.00.
The defendants deny such an agreement existed and further denied being told of the existence of the $27,651.22 balance in February 1993 and, more particularly, of agreeing to pay. Silveira testified that, yes, he made significant payments on the balance owed but stopped after March 1995 when he was called a "stealer" by plaintiff's son.
It is obvious that the defendants did not take the jewelry for their own use and not pay. Rather, I find the defendants did deliver the jewelry to others, on credit. There is no proof of any one item being sold where the credit amount exceeded $2,000.00, as prohibited by the plaintiff. Nonetheless, the evidence supports the conclusion that some who received the jewelry did not pay, over the time allowed, the full purchase price to the extent both plaintiff and defendants suffered a loss. The issue, however, is did the plaintiff prove the Account Stated claim? The jury chose to believe Mr. Barbosa, whom the Court also found to be a credible witness when he testified about telling defendants of the balance due and of receiving payments until March 1995. Although I was more impressed with the candor, demeanor and credibility of Mr. Silveira, I cannot say that the jury was wrong in inferring that since he continued to make payments until the conversation with the son without questioning the amount, the elements of the claim of "Account Stated" were proven by the fair preponderance of the evidence and, consequently, the defendants' Motion for New Trial must be denied.
Counsel for plaintiff shall prepare a Judgment consistent with this decision.